**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANASTASIIA SKARBENCHUK, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Case No.: SAG-26-03436** |
| **JOSEPH EDLOW,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

## MEMORANDUM OPINION

Currently pending before this Court is a Motion to Enforce the Court's September 25, 2026, Order filed by Plaintiffs Olena Yamshchykova, Andrii Yamshchykov, Mykyta Yamshchykov, and A.Y. (the "Yamshchykov Plaintiffs"). ECF 30. Defendant opposes the Motion, ECF 32, and the Yamshchykov Plaintiffs filed a reply, ECF 34. This Court has reviewed the parties' briefing and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Motion will be denied.

## I. BACKGROUND

The relevant background regarding the Diversity Visa Program and Defendant's pause in administering the program is set forth in this Court's September 25, 2026, Opinion. ECF 20. This Court's accompanying September 25, 2026, Order required that, until the Diversity Visa Program for the 2026 fiscal year ended on September 30, 2026, "Defendant, and all USCIS officers, employees, and agents acting under him or on his behalf, shall resume ordinary, good-faith, individualized adjudication of Plaintiffs' pending Forms I-485, including completion of any remaining biometrics, interviews, requests for evidence, and background or security checks,

without applying the Policy Memorandum's categorical hold." ECF 21. This Court declined to order adjudication of all the Plaintiffs' applications by the end of the fiscal year.

Since this Court issued its Order, thirty-nine of the forty Plaintiff families originally party to this suit received an adjudication of their Form I-485 applications, were granted adjustment of status, and were approved for issuance of a green card by the September 30 deadline for the Diversity Visa Program. ECF 27 at 1. Those thirty-nine Plaintiff families have been notified that their physical green cards were mailed to their addresses and have reported no further issues. ECF 29 at 1. All of those Plaintiffs voluntarily dismissed their claims without prejudice on November 9, 2026. ECF 33.

One family, the Yamshchykov Plaintiffs, did not receive adjudication of their Form I-485 applications by September 30. ECF 30 at 4. The Yamshchykov Plaintiffs entered the United States on December 11, 2023, as parolees pursuant to 8 U.S.C. § 1182(d)(5)(A) and the United States government's Uniting for Ukraine initiative. ECF 32-1 ¶ 5. Their period of parole expired on December 9, 2025. *Id.* On or about June 14, 2025, the Yamshchykov Plaintiffs each filed Form I-131 applications (Application for Travel Documents, Parole Documents, and Arrival/Departure Records), requesting to be re-paroled under 8 U.S.C. § 1182(d)(5)(A). *Id.* ¶ 6.

Because they were selected to apply under the Diversity Visa Program on May 3, 2025, the Yamshchykov Plaintiffs each filed a Form I-485 to adjust their status to that of lawful permanent residents on August 31, 2026. *Id.* ¶ 7. USCIS rejected and returned their Form I-485 applications on September 3, 2026. *Id.* ¶ 8.

On September 15, 2026, the Yamshchykov Plaintiffs again each filed a Form I-485. *Id.* ¶ 9. They appeared for their biometrics appointments with USCIS on September 25, 2026, where their "biometrics were processed and USCIS received their fingerprint background check

responses in furtherance of their I-485 adjustment of status applications." *Id.* ¶ 10. The USCIS Brooklyn Field Office received the Yamshchykov Plaintiffs' "A-files" on September 28, 2026, and issued an Interview Notice scheduling the family to appear for an interview on the morning of September 30, 2026. *Id.* ¶¶ 11–12. The Brooklyn Field Office reviewed the files for the Yamshchykov Plaintiffs and asked the National Benefits Center ("NBC") if the NBC would adjudicate their pending Form I-131 applications prior to the end of the fiscal year on both September 29 and 30, 2026. *Id.* ¶¶ 13, 15. On September 30, the Brooklyn Field Office also noted unresolved security checks for the Yamshchykov Plaintiffs, but they were ultimately resolved later that day. *Id.* ¶ 14, 18.

When the Yamshchykov Plaintiffs appeared for their interview on September 30, 2026, their Form I-131 applications were not yet approved. *Id.* ¶ 17. Their Form I-131 applications were conditionally approved by NBC later that day subject to payment of Immigration Parole Fee payments but remained pending "[a]s of midnight on September 30, 2026." *Id.* ¶ 19, 21; ECF 32-2 ¶ 3; ECF 30-4. The Yamshchykov Plaintiffs submitted the Immigration Parole Fee payments through the USCIS online payment portal the same day. ECF 32-2 ¶ 4. The payments were "settled" on October 1, 2026, and the notice confirming the payment was generated on October 2, 2026. *Id.*; ECF 30-6.

On October 1, 2026, the Yamshchykov Plaintiffs' Form I-485 applications were denied because "they did not adjust status during the fiscal year in which they were selected for the Diversity Visa Program, which is required by INA 203(c), 8 U.S.C. 1153(c)." ECF 32-1 ¶ 20; ECF 30-5 at 2. Additionally, the Yamshchykov Plaintiffs "were barred from adjusting their status under 8 U.S.C. § 1255(c)(2) for not being in lawful immigration status on the date of filing their Forms I485" because their "period of parole expired on December 9, 2025, and, as of September 30, 2026,

the Forms I-131 they filed to request re-parole had not been approved." ECF 32-1 ¶ 20; *see* ECF 30-5 at 2–3.

On November 2, 2026, USCIS approved the Yamshchykov Plaintiffs' Form I-131 applications and "issued them new Forms I-94 reflecting parole from December 10, 2025 to December 9, 2027." ECF 32-2 at 2.

## II. LEGAL STANDARD

The Supreme Court has "recognized that courts have 'inherent' and 'ancient' authority to manage their own courtroom and enforce their orders." *Hunter v. United States*, 608 U.S. 713, 762 n.10 (2026) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Civil enforcement exists "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance," and "[t]he absence of willfulness does not relieve from civil contempt." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). To establish civil contempt, the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had at least constructive knowledge of such violations; and (4) that the movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

## III. DISCUSSION

The Yamshchykov Plaintiffs contend that Defendant's failure to adjudicate their Forms I-485 and Forms I-131 by the September 30, 2026, deadline violated this Court's September 25 Order. They argue that Defendant did not process their applications in the "ordinary course" because Defendant made approval of their pending Forms I-131 a prerequisite to deciding their Forms I-485, ECF 30 at 7–8, and did not complete their background and security checks by the

deadline, *id.* at 8–9. Further, they argue that they were not given "individualized" adjudication because Defendant cited their status as being unlawfully present in the United States at the time of their filing as a reason for their applications' denials. *Id.* at 8. In relief, the Yamshchykov Plaintiffs seek an order finding that Defendant violated this Court's September 25 order and directing completion of the adjudication of their pending Forms I-485. *Id.* at 12–13.

Under the *Ashcraft* factors, the parties agree that this Court's September 25, 2026, Order was a valid decree, and that Defendant was aware of the Court's Order. ECF 32 at 5. The dispute lies in whether Defendant violated the Order. This Court finds that, while it is unfortunate that the Yamshchykov Plaintiffs were the only parties to this suit whose Diversity Visa Applications were not processed by the September 30 deadline, they have not met their burden to demonstrate, by clear and convincing evidence, that USCIS failed to act in the ordinary course to adjudicate their applications pursuant to this Court's September 25 Order.

The sequence of events that Defendant undertook to process the Yamshchykov Plaintiffs' applications demonstrates Defendant's compliance with this Court's September 25 Order. *See* ECF 32-1, 32-2. Plaintiffs' Form I-485 applications were submitted just two weeks before the September 30 deadline, on September 15, 2026. ECF 32-1 ¶ 9. Following this Court's September 25 Order, the Yamshchykov Plaintiffs' biometrics were processed and USCIS received their fingerprint background check responses, both required for adjudicating their Form I-485 applications. *Id.* ¶ 10. This Court issued its Order on a Friday, and the following Monday, the local USCIS field office for the Yamshchykov Plaintiffs reviewed their files and scheduled their interview to occur just two days later. *Id.* ¶¶ 11–12. When the USCIS field office noticed that the Yamshchykov Plaintiffs' Forms I-131 had not yet been processed, they reached out to NBC twice regarding the pending applications. *Id.* ¶¶ 13, 15. And upon noticing that the Yamshchykov

Plaintiffs' security checks were not yet completed, the USCIS field office processed those checks that same day. *Id.* ¶¶ 14, 18.

Despite these efforts, Defendant denied the Yamshchykov Plaintiffs' applications on October 1, 2026, because their Form I-131 applications remained pending at the close of the Diversity Visa Program on September 30. *Id.* ¶ 20. However, the mere fact that Defendant did not complete its adjudication of the Yamshchykov Plaintiffs' applications by the fiscal year deadline does not imply disobedience with this Court's Order. As the Yamshchykov Plaintiffs recognize, this Court declined to require Defendant to adjudicate all of the Plaintiffs' applications by the deadline. In the absence of any evidence from the Yamshchykov Plaintiffs to the contrary, Defendant's efforts in completing their biometrics, fingerprinting, security clearance, and interviews, and nudging NBC twice to process their Form I-131 applications, constitute "ordinary, good-faith, individualized adjudication of Plaintiffs' pending Forms I-485." *See* ECF 21. Further, the merits of the Yamshchykov Plaintiffs' October 1 application denials are not at issue here because this Court's Order to adjudicate Plaintiffs' applications did not require that the adjudications end favorably.

The Yamshchykov Plaintiffs also argue in their Reply that "in this unique scenario, the end of the fiscal year did not actually mark 'when diversity-based eligibility for the Yamshchykov family expired,' because the *Medani* class action intervened in preserving diversity visa eligibility past Sept. 30." ECF 34 at 5. In *Medani v. Trump*, a district court similarly found the that the USCIS Diversity Visa Program pause was unlawful and ordered "USCIS, to the extent practicable and in good faith, to take all reasonable steps during the remainder of the Diversity Visa fiscal year to resume ordinary adjudication of Plaintiffs' pending adjustment applications without applying the USCIS Pause." No. 5:26-CV-06332, 2026 WL 2547287, at *13 (N.D. Cal. Aug. 28, 2026). The

court in *Medani* also certified a class of "[a]ll selectees and derivative beneficiaries under the FY-2026 Diversity Visa Program." *Id.* The *Medani* court subsequently extended its order to continue requiring adjudication of pending class members' applications from October 14 to October 23, 2026. ECF 30-3.

As an initial matter, it is not clear that the Yamshchykov Plaintiffs presently have "pending applications" because they received denials of their applications on October 1. *See* ECF 32-1 ¶ 20. Those denials were not merely based on the passing of the September 30 deadline but on the Yamshchykov Plaintiffs' parole status at the time of their Diversity Visa applications. But to the extent that the Yamshchykov Plaintiffs argue that Defendant's failure to adjudicate their applications during the October 14–23 extension violated this Court's Order, this Court disagrees. This Court's September 25 Order remained in effect for only 14 days until October 9, 2026, ECF 21, and its accompanying Opinion expressly circumscribed any relief to run only "through the September 30 deadline." ECF 20 at 15. Therefore, the relief the Yamshchykov Plaintiffs seek for Defendant's failure to process their applications during the *Medani* court's extension from October 14–23 cannot be pursued in this Court.

## IV. CONCLUSION

For the reasons stated above, the Yamshchykov Plaintiffs Motion to Enforce the Court's September 25, 2026, Order is DENIED. A separate Order follows.

Dated: November 23, 2026

/s/
Stephanie A. Gallagher
United States District Judge